UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SHANEQUA WATSON, individually and on behalf of all other similarly situated consumers,<br><br>Plaintiff,<br><br>vs.<br><br>CREDIT CONTROL, LLC,<br><br>Defendant. | Case No.:<br><br>CLASS ACTION COMPLAINT AND JURY DEMAND |

Plaintiff, Shanequa Watson (hereinafter "Plaintiff"), on behalf of herself and all other similarly situated consumers, by and through undersigned counsel, hereby alleges against Credit Control LLC (hereinafter "Defendant"), as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k (d).

3. Venue is proper in this district under 28 U.S.C §1391(b)

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in Detroit, Michigan and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5. Defendant is a corporation doing business in the State of Michigan, with its corporate address as 5757 Phantom Dr,. Suite 330 in Hazelwood, Missouri 63042 and is "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

6. On a date better known by Defendant, Plaintiff incurred a debt through personal, family, and household purposes from the use of a personal credit card with World Financial Network National Bank.

7. On a date better known by Defendant, Defendant began attempting to collect on said debt allegedly owed by the Plaintiff.

8. On or about February 14th, 2018, Defendant sent Plaintiff the letter attached as Exhibit A ("Collection Letter"), presenting the "account balance" as $415.20.

9. The Collection Letter offered multiple payment options. The first option was a lump sum payment of $166.80. The second option was to pay $207.60 in several separate monthly payments over six months. The third option was to pay $249.12 in multiple monthly

payments over eighteen months. *See* Exhibit A. Therefore, Options 2 and 3 clearly offered payments over time.

10. In the last line of the Collection Letter, in much smaller print, Defendant states, "The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it, and LVNV Funding LLC will not report it to any credit reporting agency."

11. The Collection Letter is misleading, confusing, deceptive, and unfair as it misrepresents the nature, character, and/or legal status of the alleged debt. The Letter did not indicate or inform Plaintiff that a partial payment on the debt would restart the running of the statute of limitations. In fact, had Plaintiff chosen to make several payments over time, and advised Defendant of this in writing, the partial payment would revive the statute of limitations rendering the Plaintiff worse off than if she had rejected the offer.

12. It is the position of the Federal Trade Commission, the Consumer Financial Protection Bureau, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency that when "collecting on a time barred debt a debt collector [Defendant] must inform the consumer [Plaintiff] that (1) the collector cannot sue to collect the debt and (2) providing a partial payment would revive the collector's [Defendant's] ability to sue to collect the balance." *McMahon v. LVNV Funding, LLC*, 774 F.3d 1010, 1015 (7th Cir. 2014); *see White v. First Step Grp. LLC*, 2017 LEXIS 153569 (E.D. Cal. Sept. 19, 2017).

13. The Defendant engaged in misleading, deceptive, and unfair debt collection practices in violation of the FDCPA by its Collection Letter to the Plaintiff.

## CLASS ACTION ALLEGATIONS

### The Class

14. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

15. Plaintiff seeks certification of the following class, initially defined as follows:

**Class: All consumers with a Michigan address that have received collection letters similar to Exhibit A from Defendant concerning debts for World Financial Network National Bank used primarily for personal, household, or family purposes within one year prior to the filing of this complaint.**

16. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

17. Upon information and belief, Defendant has sent collections letters in attempt to collect a debt to hundreds if not thousands of consumers in Michigan, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

18. The letters sent by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated or unsophisticated consumer."

19. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

20. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii)

4

whether the Plaintiff and the Class have been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

21.	The Plaintiff's claims are typical of the claims of the class members.  Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

22.	Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

23.	Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

24.	A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

25.	The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

26. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

27. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

28. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

29. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

30. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

31. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. §1692 *et seq.***

32. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

33. Defendant's Collection Letter is false, deceptive, and misleading, and violates the below provisions of the FDCPA.

34. Section 1692e provides:

> **§ 1692e. False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2) The false representation of—**
>
> **(A) the character, amount, or legal status of any debt;**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

WHEREFORE, Plaintiff, Shanequa Watson, respectfully requests that this Court do the following for the benefit of Plaintiff:

A. Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;

B. Enter judgment against Defendant for statutory damages pursuant to the FDCPA;

C. Award costs and reasonable attorneys' fees;

D. Grant such other and further relief as may be just and proper.

## **JURY TRIAL DEMAND**

35. Plaintiff demands a jury trial on all issues so triable.

Dated this 30th day of January, 2019.

                                                           Respectfully submitted,

                                                           /s/ Daniel Zemel, Esq.
                                                           Daniel Zemel, Esq. (Bar# 111402014)
                                                           Zemel Law LLC
                                                           1373 Broad Street, Suite 203-C
                                                           Clifton, New Jersey 07013
                                                           T:  862-227-3106
                                                           F:  973-282-8603
                                                           dz@zemellawllc.com
                                                           *Attorney for Plaintiff*