# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SHANEQUA WATSON, on behalf of herself and all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CASE NO. 4:19CV137 HEA ) |
| CREDIT CONTROL, LLC, | ) ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Transfer Venue to the Eastern District of Michigan, [Doc. No. 13]. Defendant opposes the Motion. For the reasons set forth below, the Motion is denied.

Plaintiff filed this putative class action in this Court based on alleged violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et* seq. ("FDCPA"). The Court's jurisdiction is based on federal question jurisdiction, 28 U.S.C. § 1331. Plaintiff seeks to transfer venue to the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a). Plaintiff has not met her burden of showing the convenience of the parties and witnesses and the interest of justice strongly favor transfer to the Eastern District of Michigan, therefore, the Court will deny the motion.

## Facts and Background

Plaintiff claims in this putative class action Defendant violated the FDCPA by failing to notify plaintiff that a partial payment of the debt Defendant was attempting to collect would restart the running of the statute of limitations.

## Discussion

### Standard of Review

A motion to transfer venue is governed by 28 U.S.C. § 1404(a), which provides that "a district court may transfer any civil action to any other district or division where it might have been brought "[f]or the convenience of parties and witnesses, [and] in the interests of justice." The purpose of section 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

When deciding a motion to transfer under section 1404(a), the Court considers three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interest of justice. *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). These factors merit "individualized, case-by-case consideration," in which courts "weigh in the balance a number of case-specific factors." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). To prevail, the moving party must demonstrate the balance of the factors "strongly

favors" transfer. *See, e.g.*, *Burks v. Abbott Labs.*, No. 08–3414, 2008 WL 4838720, at *1 (D. Minn. Nov. 5, 2008) (quoting *Brockman v. Sun Valley Resorts, Inc.*, 923 F. Supp. 1176, 1179 (D. Minn. 1996)). "The Eighth Circuit has declined to offer an 'exhaustive list of specific factors to consider' in making the transfer decision and has directed the courts to weigh any 'case-specific factors' relevant to convenience and fairness to determine whether transfer is warranted. *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) (internal citation omitted). The party requesting transfer has the burden to show that the balance of these factors favors it. *Dube v. Wyeth LLC*, 943 F. Supp. 2d 1004, 1007 (E.D. Mo. 2013) (citing *Moretti v. Wyeth*, No. 07–CV–3920 DWF–SRN, 2008 WL 732497 at *1 (D. Minn. March 17, 2008))."

"Ultimately, the decision to transfer a case is committed to the discretion of the district court." *Luckey v. Alside, Inc.*, No. 15–2512, 2016 WL 1559569, at *4 (D. Minn. Apr. 18, 2016) (quoting *Jacques v. Dakota, Minn. & E. R.R. Corp.*, No. 07–248, 2008 WL 835651, at *1 (D. Minn. Mar. 27, 2008)).

## Motion to Transfer Venue

Both the convenience and interest of justice factors require consideration of Plaintiff's choice of forum. *Luckey*, 2016 WL 1559569, at *4; *Howard v. Judge Law Firm*, No. 09–1644, 2010 WL 2985686, at *4 (D. Minn. July 26, 2010). "In general, federal courts give considerable deference to a plaintiff's choice of forum." *Terra Int'l, Inc.*, 119 F.3d at 695.

Plaintiff's original choice of forum is in this Court. Plaintiff now argues that this forum is no longer convenient for her because she is unable to travel to Missouri from Michigan because she has no childcare. Plaintiff's argument is, however, unpersuasive. This is a putative class action which is brought on behalf of all consumers with a Michigan address that have received Defendant's collection letters similar to the one Plaintiff received. While Plaintiff seeks to be the class representative, she is not the only Plaintiff seeking recovery in this action. If Plaintiff cannot attend depositions and arbitration, and presumably trial in this district, it would behoove Plaintiff and the purported class to seek a substitution Plaintiff for the class. Plaintiff chose to file this action in this District and the parties have engaged in substantial preparation to date. While Plaintiff herself may now be inconvenienced by her choice of forum, she has failed to demonstrate to the Court that all class members are unable to participate in this action in this district.

When examining convenience, the Court considers: "(1) the convenience of the parties, (2) the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law." *Terra Int'l, Inc.*, 119 F.3d at 696).

The parties have not identified any non-party witnesses that would be required to travel to Missouri or provide deposition testimony. While it may now be more convenient for Plaintiff to remain in Michigan, Defendant has informed the Court that it is more convenient for it to litigate in this District. The Court finds that Plaintiff has not shown the convenience of the parties and witnesses strongly favors transfer.

The Court must also consider whether transferring venue would promote the interests of justice. When examining the interests of justice, "courts generally consider (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law." *Howard*, 2010 WL 2985686, at *4.

Defendant argues that Plaintiff initially chose this forum, and the parties have engaged in substantial pretrial activities here. Defendant would be required to hire counsel in Michigan. Plaintiff has not advised the Court why another Plaintiff cannot be substituted as a class representative, in light of Plaintiff's childcare issues.

The Court, in its discretion, denies the motion to transfer. Plaintiff has not met her burden of showing the convenience of the parties and witnesses and the interest of justice strongly favor transfer.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Transfer Venue [Docket No. 13] is **DENIED**.

Dated this 12th day of February, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE