# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SHANEQUA WATSON,<br>on behalf of herself and all others similarly situated,<br><br>　　　Plaintiffs,<br><br>vs.<br><br>CREDIT CONTROL, LLC,<br><br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) CASE NO. 4:19CV137 HEA<br>)<br>)<br>)<br>) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings. [Doc. No. 15]. Plaintiff has responded and Defendant has replied.

## BACKGROUND

On January 30, 2019, Plaintiff filed this putative class action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"). Plaintiff alleges that she incurred a financial obligation to World Financial Network National.[1] Defendant began attempting to collect on the debt allegedly owed by Plaintiff. Plaintiff asserts that Defendants violated the FDCPA by sending her a collection letter on February 14, 2018 that was misleading, confusing,

---

[1] Plaintiff does not allege that her debt was invalid or that she otherwise did not owe the debt.

deceptive, and unfair as it misrepresented the nature, character, and/or legal status of the alleged debt.

In relevant part, the collection letter indicated that Plaintiff owed an outstanding balance and listed various options to pay off the debt. The collection letter also stated that "[t]he law limits how long you can be sued on the debt. Because of the age of your debt [which was originated by World Financial Network National Bank], LVNV Funding LLC will not sue you for it, and LVNV Funding LLC will not report it to any credit reporting agency."

Defendant filed the instant motion for judgment on the pleadings, arguing that this case should be dismissed. Plaintiff opposes the motion.

## STANDARD

A party may move for judgment on the pleadings after the pleadings have closed. Fed. R. Civ. P. 12(c). In deciding a Rule 12(c) motion, courts apply the same legal standard used for a motion to dismiss under Rule 12(b)(6). *Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). A pleading must state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet this standard and to survive a Rule 12(b)(6) motion, a complaint need only state factual allegations sufficient to raise a right to relief above the speculative level that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Courts deciding a Rule 12(c) motion are required to accept as true the complaint's well-pled allegations and must resolve all inferences in the plaintiff's favor. *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006). However, this tenet does not apply to legal conclusions, "formulaic recitation of the elements of a cause of action," or naked assertions which are so indeterminate as to require further factual enhancement. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

When considering a motion for judgment on the pleadings, courts must generally ignore all materials outside the pleadings. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). However, courts may consider "some materials that are part of the public record or do not contradict the complaint ... as well as materials that are necessarily embraced by the pleadings." *Id.* (internal quotation marks omitted).

## DISCUSSION

Plaintiff contends that Defendant's collection letter violated 15 U.S.C. § 1692e by failing to disclose that her debt's statute of limitations could be reset if she made partial payments and, thus, she would have been worse off than if she

had rejected the offer. they failed to inform her of the true ramifications of making a payment. Plaintiff also asserts that the collection letter is misleading because it states, "we will not sue you for [the debt]," which implies that Defendant has chosen not to sue, rather than stating that it is time-barred from doing so. Defendants contend that they are entitled to judgment on the pleadings on numerous grounds and ask for dismissal of this case. Specifically, they contend that: (1) their attempt to collect a time-barred debt is not actionable under the FDCPA absent a threat of litigation; (2) Defendant's collection letter is not misleading because it specifically disclosed that the current creditor would not sue Plaintiff because of the age of the debt; (3) Plaintiff has not plausibly alleged that LVNV Funding LLC intended to sue Plaintiff if partial payment was made. Plaintiff argues that none of these arguments warrant judgment on the pleadings and the instant motion should be denied.

**FDCPA Claim in the Absence of the Threat of or Commencement of Litigation**

    Defendants argue that this case should be dismissed because the Eighth Circuit has held that, absent a threat of litigation or commencement of litigation, actions to collect a time-barred debt are not actionable under the FDCPA. Plaintiff disagrees.

    Congress enacted the FDCPA to curtail "the use of abusive, deceptive, and unfair debt collection practices" by debt collectors. 15 U.S.C. § 1692(a). To further

4

this purpose, the FDCPA grants a private right of action to consumers who receive communications that violate the Act. 15 U.S.C. § 1692k. Among other things, the FDCPA seeks "to eliminate abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e).

Thus, the FDCPA makes it unlawful for debt collectors to use "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The FDCPA also prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. In addition, it is a violation of the FPDCA to threaten to take "any action that cannot legally be taken." 15 U.S.C. § 1692e(5).

Defendant points out that Plaintiff has not alleged that Defendant either threatened to commence or commenced litigation against her in relation to the debt. Thus, Defendant argues that, pursuant to binding Eighth Circuit authority, its attempt to collect the time-barred debt—sending the collection letter—is not actionable under the FDCPA. Plaintiff responds that a collection letter may nonetheless contain deceptive, misleading, unfair, or unconscionable language in violation of the FDCPA, even if the letter does not threaten litigation and litigation is not subsequently commenced.

Defendant's arguments on this point rely heavily on *Freyermuth v. Credit Bureau Services, Inc.*, in which the Eighth Circuit, *inter alia*, addressed a plaintiff's claim that the defendant committed a FDCPA violation by attempting to collect a debt that it knew was likely time-barred. 248 F.3d 767, 770 (8th Cir. 2001). The Eighth Circuit answered that question in the negative, holding that "in the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid." *Id.* at 771. Plaintiff, however, argues that *Freyermuth* is not determinative, pointing to several federal circuit opinions from other jurisdictions, decided after *Freyermuth*, which held under different factual circumstances that even in the absence of a threat of litigation or commencement of litigation, a debt collector's letter may nonetheless violate the FDCPA if the letter contains abusive, deceptive, or unfair language.  *See, e.g., Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 513 (5th Cir. 2016) (discussing the potential pitfalls for consumers in the absence of a statute-of-limitations revival disclosure but holding that dismissal of an FDCPA claim should be reversed because the debt collector's letter offering a "settlement" of a time-barred debt without disclosing that the debt was time-barred could mislead a consumer to believe that the debt is legally enforceable); *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 399 (6th Cir. 2015).

6

Plaintiff, however, has cited to no binding Eighth Circuit authority, and the Court is unaware of any, finding a plausible FDCPA violation in the absence of a threat of litigation or actual litigation. Multiple courts have applied *Freyermuth*'s rationale in dismissing claims like Plaintiff's—that a debt collector violated the FDCPA by failing to advise that a debt was potentially time barred or by otherwise failing to disclose the status of the debt—in the absence of a threat of litigation or actual litigation. *See, e.g., Tillman v. Midland Credit Mgmt., Inc.*, No. 4:19-CV-4030, 2019 WL 6718985, at *1–6 (W.D. Ark. Dec. 10, 2019)(granting motion for judgment on the pleadings and dismissing FDCPA claims brought under 15 U.S.C. §§ 1692e and 1692f since there was no threat of litigation or actual litigation); *Haynes v. Allied Interstate, LLC*, No. 4:14-cv-3130-RGK, 2015 WL 429800, at *4 (D. Neb. Feb. 2, 2015) (granting a Rule 12(b)(6) motion to dismiss FDCPA claims brought under 15 U.S.C. §§ 1692e and 1692f because there was no threat of litigation or actual litigation); *Price v. M.R.S. Assocs., Inc.*, No. 7:13-CV-13-D, 2014 WL 2930723, at *3 (E.D.N.C. June 27, 2014) (granting motion for summary judgment because "the FDCPA does not prohibit a collection agency from requesting payment on a time-barred debt, even if the collection agency does not disclose that the debt is time-barred and that any partial payment or acknowledgment would result in the debt's revival, as long as in doing so, the collection agency does not threaten or commence litigation"); *Schaefer v. ARM*

*Receivable Mgmt., Inc.*, No. CIV.A. 09-11666-DJC, 2011 WL 2847768, at *4 (D. Mass. July 19, 2011) ("Provided that a debt collector does no more than [seek voluntary repayment] in regard to a time-barred debt (and does not threaten litigation if the debtor does not comply with the request), the debtor is not being misled about the status of the debt."); *Shorty v. Capital One Bank*, 90 F. Supp. 2d 1330, 1332 (D.N.M. 2000) (granting Rule 12(c) motion to dismiss FDCPA claims because the debt collection letter at issue did "not threaten a lawsuit or any further collection action").

Plaintiff has not alleged that Defendant threatened litigation or commenced litigation in association with their efforts to collect a potentially time-barred debt. Thus, Defendant's collection letter does not make any false representations about the character, amount, or legal status of the debt, resulting in a violation of the FDCPA. Consequently, taking Plaintiff's well-pleaded allegations as true, and giving her the benefit of all reasonable inferences, the Court finds that judgment on the pleadings is proper and that Plaintiff's claims should be dismissed.

**Whether Defendant's Collection Letter Violates the FDCPA**

If the Court assumes *arguendo* that an FDCPA violation may occur even in the absence of a threat of litigation or actual litigation, the question then becomes whether Defendant's collection letter was unfair or falsely misrepresented the

character, amount, or legal status of the debt or Defendants' ability to sue thereunder. The parties offer vastly different answers to this question.

Plaintiff argues that Defendant's collection letter violates the FDCPA in two ways. First, Plaintiff asserts that the letter is misleading because it fails to communicate that making a partial payment could reset the statute of limitations on Plaintiff's debt. Second, Plaintiff asserts that the dunning letter's use of "we will not sue you" is misleading because it does not communicate that Defendants were legally barred from filing suit but, rather, implies that they were only choosing not to sue.

Defendant argues that its collection letter did not make any misrepresentations about the debt. It argues that the FDCPA does not require an explicit warning of potential consequences stemming from partial payments on a time-barred debt and that courts have found that collection letters with similar language to the letter in this case did not violate the FDCPA. It also argues that its letter correctly stated that the law limits how long you can be sued for a debt, and that it would not sue Plaintiff because of the age of her debt.[4]

As discussed above, the FDCPA "prohibits a debt collector from asserting any 'false, deceptive, or misleading representation,' or using any 'unfair or unconscionable means,' to attempt to collect a debt." *Coyne v. Midland Funding LLC*, 895 F.3d 1035, 1037 (8th Cir. 2018) (citing 15 U.S.C. §§ 1692e, 1692f).

9

Liability under the FDCPA turns on "whether an unsophisticated consumer would be harassed, misled or deceived" by the debt collector's actions. *Freyermuth*, 248 F.3d at 771. The "unsophisticated consumer" standard "is designed to protect consumers of below average intelligence or sophistication." *Coyne*, 895 F.3d at 1037. This standard not only "protects the uninformed or naive consumer," but also includes "an objective element of reasonableness," to ensure that debt collectors are not held liable as a result of "peculiar interpretations of collection letters." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317-18 (8th Cir. 2004). "The objective element of reasonableness is often decided as a matter of law without reliance on survey or other extrinsic evidence." *Klein v. Affiliated Grp., Inc.*, No. 18-CV-949 DWF/ECW, 2019 WL 1307884, at *10 (D. Minn. Mar. 22, 2019).

The Court agrees with Defendant that its collection letter's omission of a statute-of-limitations revival warning does not violate the FDCPA. Even in jurisdictions where a partial payment will revive a debt's statute of limitations, courts have found that collection letters featuring no revival disclaimer do not violate the FDCPA when they: (1) note that the law limits how long you can be sued on a debt, and (2) state that the creditor will not sue due to the age of the debt. *See, e.g., Buchanan*, 776 F.3d at 400 (opining in dicta that although the Michigan statute of limitations would reset with a partial payment of an expired debt, a

statement in the collection letter that "[t]he law limits how long you can be sued for a debt. Because of the age of your debt [the debt owner] will not sue you for it" would "correct[ ] any possible misimpression by unsophisticated consumers"); *Tillman,* No. 4:19-CV-4030, 2019 WL 6718985, at *1–6 (W.D. Ark. Dec. 10, 2019); *Smith v. Portfolio Recovery Assocs., LLC*, No. 4:19-CV-25 (CDL), 2019 WL 2236264, at *2 (M.D. Ga. May 23, 2019) (noting the Eleventh Circuit's suggestion that any misimpression caused by an omission of a statute-of-limitations revival disclaimer could be cured by incorporating the following language into collection letters: "The law limits how long you can be sued on a debt. Because of the age of your debt, [the creditor] will not sue you for it").

The Court agrees with the rationale in these cases. Although Defendant's collection letter does not warn that partial payments could revive the time-barred debt, the Court concludes that no unsophisticated consumer could be misled as to the debt's legal status in light of the inclusion of language stating that the law limits how long a debtor can be sued on a debt and that Defendant would not sue Plaintiff on her debt because of its age. Thus, after taking Plaintiff's well-pleaded allegations as true and giving her the benefit of all reasonable inferences, the Court finds that she fails to state a plausible claim that Defendant violated the FDCPA by misrepresenting the debt's legal status and her claims should be dismissed.

The Court is likewise unpersuaded by Plaintiff's argument that Defendant's use of the language "we will not sue you," rather than "we cannot sue you" or other similar language, presents a plausible FDCPA violation. Multiple courts have found that this exact (or substantially similar) language does not violate the FDCPA. *See, e.g., Tillman,* No. 4:19-CV-4030, 2019 WL 6718985, at *1–6 (W.D. Ark. Dec. 10, 2019); *Will v. Portfolio Recovery Assocs., LLC*, No. 18-CV-02790-MSK-KMT, 2019 WL 4674352, at *5 (D. Colo. Sept. 24, 2019); *Swann v. Dynamic Recovery Sols., LLC*, No. 4:18-CV-1000-VEH, 2018 WL 6198997, at *12 (N.D. Ala. Nov. 28, 2018); *Cooper*, 2018 WL 6517448, at *4-5; *Jones v. Synergetic Commc'n, Inc.*, No. 18-CV-1860-BAS-RBB, 2018 WL 6062414, at *7 (S.D. Cal. Nov. 20, 2018); *Valle v. First Nat'l Collection Bureau, Inc.*, 252 F. Supp. 3d 1332, 1341 (S.D. Fla. 2017); *Judah v. Total Car, Inc.*, No. 16-5881, 2017 WL 2345636, at * 5 (D.N.J. May 30, 2017); *Filgueiras*, 2016 WL 1626958, at *11.

## CONCLUSION

Based upon the foregoing analysis, the Court finds that Defendants' motion for judgment on the pleadings is well taken and will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 15], is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is dismissed.

12

A separate order of dismissal will be entered this same date.

Dated this 6th day of March, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE