UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHANEQUA WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No.   4:19CV137 HEA |
| | ) |
| CREDIT CONTROL, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion for Attorney's Fees, [Doc. No. 98]. Plaintiff opposes the motion.   The motion is fully briefed and ready for adjudication.   For the reasons set forth below, the Motion is denied.

Plaintiff filed this putative class action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"). Plaintiff alleged that she incurred a financial obligation to World Financial Network National.[1] Defendant began attempting to collect on the debt allegedly owed by Plaintiff. Plaintiff

---

[1] Plaintiff did not allege that her debt was invalid or that she otherwise did not owe the debt.

1

asserted that Defendants violated the FDCPA by sending her a collection letter on February 14, 2018 that was misleading, confusing, deceptive, and unfair as it misrepresented the nature, character, and/or legal status of the alleged debt.

In relevant part, the collection letter indicated that Plaintiff owed an outstanding balance and listed various options to pay off the debt. The collection letter also stated that "[t]he law limits how long you can be sued on the debt. Because of the age of your debt [which was originated by World Financial Network National Bank], LVNV Funding LLC will not sue you for it, and LVNV Funding LLC will not report it to any credit reporting agency."

Defendant sought to take Plaintiff's deposition in this district.   Plaintiff is a resident of Michigan.   Counsel for Plaintiff sought to have the deposition taken in Michigan either in person or remotely because Plaintiff had childcare issues. Defendant would not agree. Plaintiff sought to appear remotely at the ADR conference remotely. Defendant would not agree.   Plaintiff sought to transfer the case to Michigan. The Court denied the motion to transfer.   Plaintiff sought reconsideration of the Order denying transfer or for a protective order allowing her to attend the mediation by video conference.

Prior to Plaintiff's Motions, Defendant had filed a Motion to Dismiss. The Motion was granted on March 6, 2020.   Defendant now moves attorney's fees

2

pursuant to Section 1692k(a)(3), 28 U.S.C § 1927, and the Court's inherent authority to grant sanctions.

Section 1692k(a)(3) provides in relevant part:

> [o]n a finding by the court that an action under [the FDCPA] was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney[s'] fees reasonable in relation to the work expended and costs."

This Court has held that "[s]ection 1692k(a)(3) should be construed narrowly as not to discourage private litigation under the FDCPA." *Velez v. Portfolio Recovery Associates, Inc.,* 881 F.Supp.2d 1075, 1085 (E.D.Mo.2012) (citing *Kondratick v. Beneficial Consumer Disc. Co.,* 2006 WL 305399, at * 10 n. 4 (E.D.Pa. Feb.8, 2006)). "For an award to be made, 'there must be evidence that the plaintiff knew that his claim was meritless, and that plaintiff pursued his claims with a purpose of harassing the defendant.'" *Id.* (quoting *Allers–Petrus v. Columbia Recovery Grp., LLC.,* No. C08–5533FDB, 2009 WL 1160061, at *1 (W.D.Wash. Apr.29, 2009) (quoting *Gorman v. Wolpoff & Abramson, LLP,* 435 F.Supp.2d 1004, 1013 (N.D.Cal.2006)). To prevail on a motion for an award of attorney's fees in this context, Defendant bears the burden of proof that plaintiff's complaint was filed in bad faith and for the purpose of harassment. *Allers–Petrus,* 2009 WL 1160061, at *1.

> Section 1927 states:
>
> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C.A. § 1927.

Defendant asserts that Plaintiff never intended on being present for trial, and queries why a New Jersey attorney would file a suit for a Michigan resident in this district if not in bad faith or for harassment.

The Court concluded that these facts do not establish any bad faith or harassment by Plaintiff or her attorney.   The mere facts that Plaintiff and counsel reside outside this district do not demonstrate anything establishing Plaintiff was insincere in her lawsuit.   Indeed, counsel artfully and adamantly argued Plaintiff's position and supported the argument with extensive research. While the Court relied on binding Eighth Circuit authority, which *subsequent* to the filing of the Complaint, was interpreted in *Tillman v. Midland Credit Mgmt*, 2019 U.S. Dist. LEXIS 212319 (W.D. Ark. Dec. 10, 2019).

The Court is satisfied that neither Plaintiff nor her attorney have misrepresented anything to the Court. Likewise, nothing demonstrates bad faith or harassment by Plaintiff or counsel.   The Court is completely satisfied that Plaintiff

intended to pursue her case in this district but was faced with complications that precluded her from attending the deposition and mediation in person. At best, Defendant could have filed a motion to dismiss for failure to prosecute because of Plaintiff's nonattendance. Defendant was able to achieve a better result with the motion to dismiss.

While the Court recognizes the frustration Defendant and its counsel may have experienced throughout the course of this proceeding, there is no evidence that either Plaintiff or her attorney did anything untoward. On the record before it, this Court concludes that an award of attorney's fees and costs is not justified. Although ultimately Plaintiff's case was dismissed, there is no evidence that Plaintiff's claim was filed in bad faith for the purpose of harassing Defendant. Defendants do not offer any direct evidence of bad faith or purpose to harass by plaintiff. *Cf. Scroggin v. Credit Bureau of Jonesboro, Inc.,* —— F.Supp.2d ——, 3:12CV 128 SWW, 2013 WL 5306675 (E.D.Ark. Sept.20, 2013) (finding that plaintiff brought action in bad faith and for the purpose to harass defendant and awarding defendant attorney's fees where numerous posts and e-mails by plaintiff evidenced "his dishonesty of belief or purpose, his dishonest and oppressive conduct, his hatred, ill will, and spirit of revenge towards" defendant and that plaintiff "demeaned and abused the judicial process and he perverted the purposes

5

of the FDCPA and AFDCPA.")

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Attorney's Fees and Costs, [Doc. No. 43], is **denied**.

Dated this 26th day of June, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE